**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DR. WILLIAM M. POLLACK, | ) | |
| on behalf of plaintiff and | ) | |
| the class members defined herein, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 7653 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Mason |
| INCROWD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiff Dr. William M. Pollack ("Plaintiff") for Preliminary Approval of

Class Action Settlement and Notice to the Class with Defendant InCrowd, Inc. ("InCrowd" or

"Defendant") came on for hearing on December 4, 2014.

Having considered Plaintiff's moving papers, the signed Settlement Agreement (the

"Settlement Agreement") attached as <u>Appendix A</u> to Plaintiff's Motion for Preliminary

Approval, and all other evidence submitted concerning Plaintiff's motion, and being duly

advised in the premises, the Court hereby finds that:

(a)     The settlement proposed in the Settlement Agreement has been negotiated in good

faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the

best interests of the Settlement Class (as defined below).

(b)     The Class Notice (as described in the Settlement Agreement) fully complies with

Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice

1

practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(c)     With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d)     This Court finds that the Class Notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1.     The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2.     The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with fax numbers who on or after October 24, 2009 to October 24, 2013, were sent faxes by or on behalf of InCrowd, Inc. promoting its goods or services for sale and which do not contain an opt out notice as described in 47 U.S.C. § 227.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the

2

Class Representative are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      The Court preliminarily appoints Plaintiff Dr. William M. Pollack as Class Representative of the Settlement Class and finds that he meets the requirements of Fed. R. Civ. P. 23.

4.      The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23:  Daniel A. Edelman and Heather A. Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603.

5.      If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect which is not agreeable to all Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, (b) this case shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose.  If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be

void and shall be deemed vacated. Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

6.     The Class Administrator shall give notice of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Settlement Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

7.     The form of notice that the Class Administrator will provide is attached as Exhibit 1 to the Settlement Agreement. By January 9, 2015, the Class Administrator is ordered to send the Notice and Claim Form substantially in the form of Exhibit 1, including a Claim Form, to the facsimile numbers identified on the Fax List. The Class Administrator shall make three attempts to transmit the Notice and Claim Form by facsimile to those numbers where the initial transmission failed. Settlement Class Counsel will also publish Exhibit 2, excluding a Claim Form, and the Settlement Agreement, excluding exhibits, on www.edcombs.com. The Class Administrator may create a website which allows for the electronic submission of Claim Forms. Any website created by the Class Administrator, may also post the Notice, Claim Form, this Order, and Settlement Agreement (excluding exhibits). This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit. The Court finds that no

other notice is necessary. The Administrator and/or Settlement Class Counsel shall provide the

Notice and/or the Claim Form to Class Members who call to request it.

       8.     To effectuate the settlement, the Court establishes the following deadlines for the

events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines

in the Notice and Claim Form:

      (a)     Claim Forms shall be returned by Class Members to the Class

Administrator online, by fax, or mail postmarked on or before March 10, 2015. Claims

not submitted by this date shall be barred.

      (b)     Objections of Class Members or any appearance of an attorney on behalf

of a Class Member shall be filed in this Court and served by mail postmarked to Class

Counsel and Defendant's Counsel on or before March 10, 2015, or shall be forever

barred. Each objection must contain the following information: (a) the objector's name

(or business name, if the objector is an entity), and address, (b) the telephone number for

the facsimile machine on which the Settlement Class Member was sent the fax; (c) a

statement of the objection to the Settlement Agreement; (d) an explanation of the legal

and factual basis for the objection; and (e) documentation, if any, to support the

objection.

      (c)     All memoranda filed by any Class Member in connection with objections

must be filed in this Court and served on Plaintiff's Counsel and counsel for Defendant

by fax or mail postmarked on or before March 10, 2015, or shall be forever barred.

      (d)     Requests by any Class Member to opt out of the settlement must be mailed

to Class Counsel or the Class Administrator on or before March 10, 2015, or shall be

forever barred.  A notice of intention to opt out must contain the following information: (a) the Class Member's name, address, and the telephone number for the facsimile machine on which the Class Member was sent the fax; and (b) a statement to the effect that the Class Member does not want to participate in the settlement and waives all rights to any benefits of the settlement.

9.      The Class Administrator shall file an affidavit regarding notice by February 13, 2015.

10.     Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than January 30, 2015.

11.     Plaintiff's Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by April 10, 2015.

12.     The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on April 23 2015, at 10:00 a.m.

13.     All papers in support of or in opposition to the Settlement Agreement shall be filed no later than April 10, 2015.  Any responses to objections shall be filed with the Court on or before April 10, 2015.  There shall be no replies from objectors.

14.     In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

15.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

16.     KCC Class Action Services, LLC shall be the Class Administrator.  2 North LaSalle Street, Chicago, Illinois 60602.

17.     Costs associated with notice, claims administration and distribution of settlement checks shall come from the Settlement Fund up to a maximum of $80,000.  Costs of notice and administration not to exceed $80,000 may be advanced from the Settlement Fund.  Any amounts incurred for notice and administrative expenses in excess of $80,000 are to be paid directly by InCrowd, separate and distinct from the Settlement Fund.

ENTERED:

Dated: December 8, 2014

_____
United States Magistrate Judge