# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DR. WILLIAM M. POLLACK, on behalf of plaintiff and the class members defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | 13 C 7653 |
| v. | ) ) | |
| INCROWD, INC., | ) ) ) | Magistrate Judge Mason |
| Defendant. | ) | |

## ORDER APPROVING THE SETTLEMENT

On December 8, 2014, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff, on his own behalf and on behalf of the Settlement Class (as defined below), and Defendant InCrowd, Inc., as memorialized in the Settlement Agreement (the "Settlement Agreement").

On April 30, 2015, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement, Petition for Attorney's Fees, and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendant, Continental Casualty Company, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class.  Therefore, all members of the Settlement Class who have not opted out (*i.e.*, Eric W. Bridges, M.D. PLLC, Crisp Regional Dialysis, Kirshner Spine Institute, Crystal Coast Podiatry, PLLC,  T. Kevin Braswell M.D., PA, Dr. Ashu P. Mehta - Anne Arundel Rheumatology, Physician's HealthSource, Inc., Therese M. Scott, D.O., Family Practice Associates, Center for Healing and Happiness, Lutheran Home Care and Hospice, Inc., United States Department of Veterans Affairs, Miller Chiropractic Clinic and Madelaine M. Stout D.C., Russell M. Holstein Ph.D., LLC, St. Louis Heart Center, Inc., Aris N. Jacob, M.D., P.A., Landry & Lechtenberg, LLC,  Boshra G. Zakhary, M.D., F.A.C.C., P.C., and The Mescalero Service Unit  (*Dkt. Nos. 73-87, 89-91, 96)*) are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with fax numbers who on or after October 24, 2009 to October 24, 2013, were sent faxes by or on behalf of

>InCrowd, Inc. promoting its goods or services for sale and which do not contain an opt out notice as described in 47 U.S.C. § 227.

5.        The Court finds that certification solely for purposes of settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.        Dr. William M. Pollack is designated as representative of the Settlement Class.

7.        Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Class Counsel.

**Class Notice**

8.        The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action.  The Court has approved the forms of notice to the Settlement Class.

9.        With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  Notice was given by facsimile to each Settlement Class Member whose identity could be identified through reasonable effort.  Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on their firm's

Case: 1:13-cv-07653 Document #: 99 Filed: 04/30/15 Page 4 of 7 PageID #:453

website, www.edcombs.com. The Class Notice and Settlement Agreement (without exhibits) were also posted on www.InCrowdFaxSettlement.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

A total of 10,412 valid and timely claim forms were submitted representing 72,848 facsimile transmissions. There were 37 valid claim forms received after the March 10, 2015 deadline representing 159 facsimile transmissions. The late claims are allowed.

### Objections and Opt-Outs

10. The objection filed by Ann D. Gracer Ph.D. (*Dkt. No. 70*) is overruled. Dr. Gracer will be treated as having submitted a claim. After allowing the claim of objector Ann D. Gracer Ph.D., and the late claims, there are a total of 10,450 claims representing 73,009 fax transmission.

11. A total of 19 persons and/or entities have validly requested exclusion from the Settlement Class. The entities that have validly opted out of the settlement are: Eric W. Bridges, M.D. PLLC, Crisp Regional Dialysis, Kirshner Spine Institute, Crystal Coast Podiatry, PLLC, T. Kevin Braswell M.D., PA, Dr. Ashu P. Mehta - Anne Arundel Rheumatology, Physician's HealthSource, Inc., Therese M. Scott, D.O., Family Practice Associates, Center for Healing and Happiness, Lutheran Home Care and Hospice, Inc., United States Department of Veterans Affairs, Miller Chiropractic Clinic and Madelaine M. Stout D.C., Russell M. Holstein Ph.D., LLC, St. Louis Heart Center, Inc., Aris N. Jacob, M.D., P.A., Landry & Lechtenberg,

LLC, Boshra G. Zakhary, M.D., F.A.C.C., P.C., and The Mescalero Service Unit (*Dkt. Nos. 73-87, 89-91, 96*).

## Class Compensation

12. In accordance with the terms of the Settlement Agreement, Continental Casualty Company ("Continental") and InCrowd shall provide a total of $375,000 to create a Settlement Fund, less any costs advanced for notice and administrative expenses up to a maximum of $80,000 pursuant to the Settlement Agreement. Any costs in excess of $80,000 for notice and administrative expenses shall be paid by InCrowd, separate and distinct from the Settlement Fund and are not reimbursed.

## Releases

13. Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

## Award of Attorneys' Fees, Costs, and Incentive Award

14. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $73,750 as an award of attorney's fees to be paid from the Net Settlement Fund, and finds this amount of fees is fair and reasonable.

15. The Court grants Class Counsel's request for an incentive award to the class representative and awards $2,500 to Dr. William M. Pollack. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund.

**Other Provisions**

16. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18. The Court orders Continental and InCrowd, or their agents, to deliver the Net Settlement Fund to Plaintiff's Counsel, within fourteen days of the Effective Date as that term is defined in the Settlement Agreement.

19. The Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty days following the Effective Date as that term is defined in the Settlement Agreement.

20. Counsel for the parties shall make proposals to the Court for distribution of any undistributed settlement funds to a *cy pres* recipient 30 days after expiration of the void date on the Class Members' checks. Any payment to a *cy pres* recipient shall be made within 10 days of the Court determining the distribution of any undistributed settlement funds.

21. Class Counsel and/or the Class Administrator shall file an affidavit of final accounting of the settlement by November 13, 2015.

22. KCC Class Action Services, LLC, 2 North LaSalle Street, Chicago, Illinois 60602, shall be the Class Administrator to make claim payments and issue and collect W-9 forms.

ENTER:

Dated: 04/30/15

                                          Michael T. Mason
                                          United States Magistrate Judge